■ In the Matter of IRA BLAKE, Individually and as Representative Broker of BLAKE REALTY, INC., Appellant, v JOHN P. LOMENZO, as Secretary

of State, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Schenectady County) to review a determination of respondent Secretary of State finding petitioner Ira Blake and Blake Realty, Inc., guilty of untrustworthiness, and conditionally refusing to renew their real estate broker's licenses. This proceeding arises out of the sale of certain parcels of real estate located in the City of Schenectady in which the owners were represented by Blake Realty, Inc., as broker. Ira Blake is the president of the firm and a representative real estate broker. As a result of the transactions one of the owners filed a complaint against Blake Realty, Inc., with respondent. After a hearing it was determined that Ira Blake and Blake Realty were guilty of untrustworthiness and renewal of their real estate broker's licenses was conditionally refused. This article 78 proceeding was commenced by petitioner, individually and as representative broker of Blake Realty, Inc., to review respondent's determination. Respondent based his finding of untrustworthiness on the fact that Blake Realty failed to disclose to the complaining owners the true nature of its negotiations to sell their property. By statute, the Department of State has the authority to revoke or suspend the license of a real estate broker if the licensee is guilty of demonstrable untrustworthiness. (Real Property Law, § 441-c.) Without attempting to define "untrustworthiness", the First Department described it as conduct "which establishes that any confidence or reasonable expectation of fair dealing to the general public would be misplaced." *(Matter of Chiaino v Lomenzo,* 26 AD2d 469, 472; see, also, *Matter of Gold v Lomenzo,* 29 NY2d 468, 477.) From an examination of the record in its entirety, we conclude that there is substantial evidence to sustain the respondent's determination of untrustworthiness. Consequently, we should not disturb it. *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222.) We have examined the other issues raised by petitioner and find they lack merit. As to the penalty imposed, however, the record fails to demonstrate that the complaining owners actually paid the broker's commission of $1,693. That portion of the penalty, therefore, may not stand. Determination modified to the extent of reducing the penalty imposed by the amount of $1,693, and, as so modified, confirmed, without costs. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.